IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JURRELL CRAWFORD, #282013, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-440-WKW |
| | ) | [WO] |
| KENNETH DRAKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, when this action commenced,[1] filed the above-captioned case under 42 U.S.C. § 1983 alleging that Defendants subjected him to excessive force. The matter is before the court on Plaintiff's Motion for a Preliminary Injunction. Plaintiff seeks to enjoin Defendants from harassing, threatening, and/or intimidating him because of the incident about which he complains. *Doc. No. 13*. Upon consideration of Plaintiff's motion for preliminary injunction the court concludes that the request for a preliminary injunction is due to be denied as moot because Plaintiff is no longer incarcerated at the Easterling Correctional Facility where the named Defendants are located.

**I. DISCUSSION**

In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where

---

[1] Plaintiff was recently transferred to the St. Clair Correctional Facility in Springville, Alabama.

his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.'"). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id*. Accordingly, the court finds that Plaintiff's request for a preliminary injunction is moot.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff (*Doc. No. 13*) be DENIED as moot;

2. This case be referred back to the undersigned for additional proceedings.

It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 4, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo*

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

  Done this 21st day of October, 2015.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE