IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JURRELL CRAWFORD, #282013,      )
                                )
    Plaintiff,                  )
                                )
v.                              )      CIVIL ACTION NO. 2:15-CV-440-WKW
                                )                    [WO]
KENNETH DRAKE, *et al.*,         )
                                )
    Defendants.                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on June 22, 2015.  On July 27, 2015, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief.  In compliance with the court's order, Defendants submitted an answer and written report on September 9, 2015 that contained relevant evidentiary materials refuting the allegations in the complaint. Doc. 10.   Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendants' answer and written report. Doc. 12.  The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 12 at 1.  The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Doc. 12 at 1.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's September 10, 2015, order, as extended by the court's orders of October 16, 2015, and December 14, 2015, expired on January 4, 2016.  As of the present date, Plaintiff has failed to file a response in opposition to Defendants' written report.  The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. But after this review, dismissal is the proper course of action. Plaintiff is an indigent individual. Imposing monetary or other punitive sanctions against him would be ineffectual. Moreover, Plaintiff's inaction in the face of Defendants' report and evidentiary materials refuting his claims suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with the orders of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice.

 It is further ORDERED that **on or before February 27, 2017**, the parties may file an objection to this recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 13th day of February, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE