IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JURRELL CRAWFORD, | ) | |
| AIS # 282013, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-440-WKW |
| | ) | [WO] |
| KENNETH DRAKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On February 13, 2017, the Magistrate Judge filed a Recommendation advocating dismissal of Plaintiff's claim for his failure to comply with court orders. (Doc. # 27.) Plaintiff filed a timely objection.[1] (Doc. # 28.) Upon an independent and *de novo* review of the record and Recommendation, Plaintiff's objection is due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

As detailed in the Recommendation (Doc. # 27), Plaintiff has had a sufficient opportunity to have his claims heard. When Defendants filed an answer and special report to Plaintiff's § 1983 claim (Doc. # 10), the court ordered Plaintiff to respond

---

[1] Even though Plaintiff's objections were entered on the docket five days after the objections period ran (*see* Docs. # 27, 28), "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Here, Plaintiff dated his objection on February 26, 2017 (Doc. # 28), which was the day before the objections period ran (Doc. # 27).

(Doc. # 12). That was in September 2015, and Plaintiff still has not responded as ordered. Between then and now, Plaintiff has asked for four extensions of time. After granting the first two and waiting past the final deadline for Plaintiff to file a response, the Magistrate Judge filed a Recommendation that the case be dismissed. (Doc. # 22.) When Plaintiff objected to the Recommendation (Doc. # 23) and asked for another extension (Doc. # 24), the Recommendation was withdrawn (Doc. # 25).

Plaintiff missed his filing deadline yet again. Consequently, the Magistrate Judge filed another Recommendation (Doc. # 27) that the case be dismissed, which is the one now pending before the court. Plaintiff objected, again, and asked for a fourth extension of time. (Doc. # 28.) In an order summarizing Plaintiff's history of missed deadlines and time extensions, the Magistrate Judge granted this final request with the following caveat: "**Under NO circumstances will the court entertain any further requests by Crawford for additional time to file a response to Defendants' special report as directed in the court's September 10, 2015, order**." (Doc. # 29, at 3.) This was Plaintiff's "one **last** opportunity" to respond, and he had "**ten (10) days**" to do so. (Doc. # 29, at 3.)

This final deadline expired more than two weeks ago, and Plaintiff has yet to file an opposition to Defendants' special report. Accordingly, it is ORDERED that:

1. The Magistrate Judge's Recommendation (Doc. # 27) is ADOPTED;

2. Plaintiff's objection (Doc. # 28) is OVERRULED; and

2

3.      This case is DISMISSED without prejudice.

A final judgment will be entered separately.

DONE this 3rd day of April, 2017.

                                          /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE